IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TROY HARSHEY,

        Plaintiff,

vs.                                 Civil Action No.:

CIGNA,

        Defendant.

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Troy Harshey, by and through his undersigned counsel, Max Petrunya, Esquire and the law firm of Robert Peirce & Associates, P.C., and files the within Complaint to recover benefits due under a policy of Waiver of Premium (WOP) of Life Insurance coverage issued by Defendant Cigna.

## JURISDICTION and VENUE

1.      This action is brought pursuant to 28 U.S.C. § 1332. This Court has jurisdiction based upon diversity of the parties and the amount in controversy. Additionally, this is an action brought pursuant to Section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a)(e)(1) and (f). This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2.      Venue is properly laid in this district pursuant to 28 U.S.C. §1391(a), as the Plaintiff resides in this district, became disabled in this district, was issued the subject insurance policy in this district, and the Defendant is subject to personal jurisdiction in this district.

## PARTIES

3. Plaintiff Troy Harshey is an adult individual residing at 1938 Arlington Avenue, Washington, Pennsylvania 15301.

4. Accordingly, Mr. Harshey is a citizen of Pennsylvania.

5. Defendant Cigna is a corporation with its principal place of business at 900 Cottage Grove Road, Bloomfield, Connecticut 06002.

## FACTS

6. Troy Harshey is employed as a welder and diesel mechanic for McGrath Rent Corp.

7. On January 28, 2016, Mr. Harshey was diagnosed was Interstitial Lung Disease.

8. Mr. Harshey's condition prevents him from performing his duties for McGrath, and further prevents him from performing the material and substantial duties for any gainful employment.

9. Accordingly, Mr. Harshey is disabled and prevented from doing his job, or any job, due to the debilitating medical condition of Interstitial Lung Disease.

10. Mr. Harshey was awarded Social Security Disability benefits due to his Interstitial Lung Disease.

11. Further, Mr. Harshey applied for, and continues to receive, Long-Term Disability benefits from Defendant Cigna based on the fact that Mr. Harshey meets Cigna's definition of disabled to collect Long-Term Disability benefits under his policy.

12. In addition to his disability benefits, Mr. Harshey also received Waiver of Premium (WOP) disability coverage under a Group Term Life Insurance Policy through Defendant Cigna.

13. Cigna denied Mr. Harshey's claim for Waiver of Premium (WOP) disability coverage on May 30, 2017.

14. Cigna denied Mr. Harshey's Waiver of Premium (WOP) coverage based on the fact that Cigna does not believe that Mr. Harshey meets the definition of disabled under the Waiver of Premium (WOP) policy.

15. Cigna defines disabled under the Waiver of Premium (WOP) policy as:

> "Disability/Disabled" means because of Injury or Sickness an Employee is unable to perform the material duties of his or her Regular Occupation, or is receiving disability benefits under the Employer's plan, during the initial 9 months of Disability. Thereafter, the Employee must be unable to perform all of the material duties of any occupation which he or she may reasonably become qualified based on education, training or experience, or is subject to the terms of a Rehabilitation Plan approved by Insurance Company.

16. Mr. Harshey remains disabled as defined by the policy.

17. Mr. Harshey filed timely appeals for benefits. Mr. Harshey's appeals were denied, and Mr. Harshey has exhausted all of his administrative remedies associated with these appeals as of January 17, 2018.

## COUNT I

### ERISA CLAIM FOR BENEFITS UNDER THE PLAN – 29 U.S.C. 1132(a)(1)(b)

18. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth at length herein, and further alleges as follows.

19. The plan provides that Plaintiff is entitled to Waiver of Premium (WOP) Life Insurance coverage based upon his becoming and remaining disabled within the meeting of the plan.

20.     Plaintiff has established his disability within the meaning of the plan and is entitled to Waiver of Premium (WOP) Life Insurance coverage because he is unable to perform his occupation and is also unable to perform the material and substantial duties of any gainful occupation for which he is reasonably fitted by training, education, or experience.

21.     On or about May 30, 2017, Defendant denied Waiver of Premium (WOP) Life Insurance coverage disability benefits. Plaintiff is entitled to Waiver of Premium (WOP) Life Insurance disability benefits under the plan, because his medical conditions prevented, and continues to prevent, him from performing the material and substantial duties of his regular occupation and continues to prevent him from performing the material and substantial duties of any gainful occupation for which he is reasonably fitted by training, education, or experience.

22.     Defendant's denial of Waiver of Premium (WOP) Life Insurance disability benefits constitutes denial of benefits governed by ERISA, and adversely affects the Plaintiff's eligibility for Waiver of Premium (WOP) Life Insurance coverage disability benefits.

WHEREFORE, the Plaintiff, Troy Harshey, demands judgment in his favor and against the Defendant Cigna in an amount in excess of the jurisdictional limits, plus costs of suit, plus pre and post-judgment interest, plus attorney's fees and costs.

                                              Respectfully submitted,

                                              By: /s/ Max Petrunya
                                                 MAX PETRUNYA, ESQUIRE

Pa. I.D. No.: 309122
ROBERT PEIRCE & ASSOCIATES, P.C.
Firm I.D. No.: 839
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
(412) 281-7229
mpetrunya@peircelaw.com
